UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA COMMUNITIES AGAINST TOXICS, an 1unincorporated non-profit association,<br><br>Plaintiff,<br><br>vs.<br><br>PQ CORPORATION, a corporation,<br><br>Defendant. | Case No.  2:14-CV-03770-BRO-JC<br><br>**PROTECTIVE ORDER RE RULE 34 INSPECTIONS OF PQ CORPORATION'S FACILITY** |

The parties, having executed a Stipulation for Entry of Protective Order re Rule 34 Inspections of PQ Corporation's Facility, and good cause appearing,

**IT IS HEREBY ORDERED** as follows:

1. Plaintiff's photographer and consultant, Matthew Hagemann, shall be able to display, distribute and/or disseminate the photographs he takes at any site

inspection only to the individuals identified in Paragraph 3(a) of the Stipulation for Entry of Protective Order re Rule 34 Inspections of PQ Corporation's Facility and, excepting the Court and Court personnel, only once said individuals sign the Agreement To Be Bound By Terms of Protective Order that is attached to parties' Stipulation (a copy of which is attached hereto as Exhibit "A").

2. There shall be no other display, distribution or dissemination of said photographs except pursuant to court order or further stipulation of the parties.

3. Plaintiff shall provide electronic copies of all photographs taken during any site inspection to counsel for Defendant on the same day as the site inspection.

4. At least 30 days prior to any disclosure of said photographs pursuant to Rule 26 of the Federal Rules of Civil Procedure, Plaintiff shall provide electronic copies of photographs to Defendant.  Within 15 days of receipt of said photographs, Defendant shall confer in good faith with Plaintiff and identify which, if any, photographs implicate proprietary concerns, confidential information and/or trade secret information.  To the extent the parties agree that specified photographs implicate any such concerns, the parties and their attorneys shall mark each such photograph as "**CONFIDENTIAL**" by imprinting the word "**CONFIDENTIAL**" on the photograph and any filing by the parties of such photographs shall be with the request that they be filed under seal pursuant to this agreement and Local Rule 79-5.

To the extent the parties agree that specified photographs do not implicate proprietary concerns, confidential information and/or trade secret information, such photographs are no longer subject to the terms of this stipulation or the accompanying protective order.  If a party or an attorney for a party has a good faith belief that certain photographs are confidential and should not be disclosed other than in connection with this action and pursuant to this Protective Order, the party or attorney shall mark each such photograph as "**CONFIDENTIAL.**"  To the extent the Parties cannot agree whether certain photographs should be protected or not and marked as "**CONFIDENTIAL**," either party may seek to resolve such dispute by way of noticed motion pursuant to Local Rule 37-2.  Pending the resolution of any such motion, said photographs shall remain subject to the protective order. The parties may wish to initiate the review procedure set forth in this paragraph at an earlier date to the extent it may promote efficiency in the proceedings and not disadvantage either party.

5.    Any photograph which is marked "**CONFIDENTIAL**" may be used by a party, or a party's attorney, expert witness, consultant, or other person to whom disclosure is made, only for the purpose of this action.  If a party or attorney wishes to disclose any photograph marked "**CONFIDENTIAL**" to any person actively engaged

///

in working on the above-captioned matter (e.g., expert witness, paralegal, associate, consultant), the person making the disclosure shall do the following:

    a.  Provide a copy of this Protective Order to the person to whom disclosure is made;

    b.  Inform the person to whom the disclosure is made that she/he is bound by this Protective Order;

    c.  Require the person to whom disclosure is made to sign the Agreement to Be Bound By Terms of Protective Order;

    d.  Instruct the person to whom disclosure is made either to return any photograph marked "**CONFIDENTIAL**" to the party or attorney at the conclusion of the case;

    e.  Maintain a list of persons to whom disclosure was made and the "**CONFIDENTIAL**" photographs which were disclosed to that person; and

    f.  Provide a copy of the list referenced in subparagraph 5(e) above to the other party's attorney.

6.    Prior to the completion of the procedure described in Paragraphs 4-5 above, in the event a motion is or motions are filed that refer to any or all of the said photographs, the photographs themselves shall be filed with the request that such

filing be under seal pursuant to the Federal Rules of Civil Procedure and Local Rules. Upon the completion of the procedure set forth in Paragraphs 4-5, this paragraph shall not apply to those photographs which the parties agree to release from the parties' Stipulation or which the Court has ordered are not protected.

7.     Prior to the completion of the procedure described in Paragraphs 4-5 above, at any deposition session photographs shown to a witness may be attached as an exhibit to the transcript, but said exhibits shall be placed in a sealed envelope by the deposition reporter and the envelope marked "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER DATED OCTOBER 14, 2014." Copies of said photographs made by the deposition reporter shall only be displayed, distributed or disseminated in accordance with the parties' Stipulation and this Protective Order. Upon the completion of the procedures set forth in Paragraphs 4-5, this paragraph shall not apply to those photographs which the parties agree to release from this agreement or which the Court has ordered are not protected.  A party may designate testimony disclosed during a deposition as "**CONFIDENTIAL**" by notifying the other parties in writing within thirty (30) days following receipt of the transcript or other method for recording the testimony permitted by Fed. R. Civ. P. 30(b)(3) of those portions of the recording to be so designated. All deposition recordings and transcripts where a photograph marked as "**CONFIDENTIAL**" was used as an exhibit shall be treated as

"**CONFIDENTIAL**" for a period of thirty (30) days following receipt of the recording or transcript.  The portions of the recording or transcript designated as "**CONFIDENTIAL**" shall be subject to the terms of this Protective Order.

8. If any party or attorney wishes to file, or use as an exhibit or as evidence at a hearing or trial of the above-captioned action, any "**CONFIDENTIAL**" photograph or deposition testimony, she/he must provide 30 days' notice to the other party's counsel.  The parties and/or attorneys shall then attempt to resolve the matter of continued confidentiality by either (a) removing the "**CONFIDENTIAL**" marking, or (b) creating a mutually acceptable redacted version that suffices for purposes of the case.  If an amicable resolution proves unsuccessful, the parties and/or attorneys may present the issue to the court for resolution.

9. All photographs marked as "**CONFIDENTIAL**" shall be maintained in confidence, and in a secure and safe area, by the permitted recipients to whom it was disclosed.

10. Upon the conclusion of the above-entitled litigation, all photographs in the possession of Plaintiff, Plaintiff's counsel, any expert witnesses and consultants employed by Plaintiff, and/or any witness at any deposition or proceeding in this litigation that remain subject to the protective order subsequent to the completion of the procedure described in Paragraphs 4-5 above, including, but not limited to all

PROTECTIVE ORDER                                    Case No. 2:14-cv-03770-BRO-JC
6

1  copies of same in any form, shall be returned to counsel for Defendant.  The return

2  shall take place within thirty (30) business days following said conclusion.  No copies

3  shall be retained by Plaintiff or any of the persons to whom said photographs or

4

5  copies thereof have been delivered or disseminated in accordance with this Protective

6  Order.  At said time Plaintiff shall certify in writing that this section has been

7

8  satisfied.

9  Dated:  October 14, 2014

10

11

12                                    _____/s/_____
13                                    Honorable Jacqueline Chooljian
                                      United States Magistrate Judge
14

# EXHIBIT A

## AGREEMENT TO BE BOUND BY TERMS OF PROTECTIVE ORDER

I hereby acknowledge that I have received a copy of the Stipulation for Entry of Protective Order Re: Rule 34 Inspections of PQ Corporation's Facility in the action entitled *California Communities Against Toxics v. PQ Corporation* (United States District Court, Central District of California, Case No. 2:14-cv-03770-BRO-JC).  I have carefully read and I fully understand the terms of the Stipulation.  I recognize that I am bound by the terms of the Stipulation and any Protective Order issued pursuant thereto, and I agree to comply with those terms.  I agree, under penalty of perjury, not to disclose photographs designated in the Stipulation and any Protective Order issued pursuant thereto.

I hereby consent to the subject matter and personal jurisdiction of this court in respect to any proceedings relative to the enforcement of the Protective Order regarding Rule 34 Inspections of PQ Corporation's Facility, including, without limitation, any proceeding related to contempt of court.

At the end of this litigation or my involvement in this litigation, whichever occurs first, I will return to counsel for the party by whom I am employed or retained,

///

1  all such photographs of PQ Corporation's facility (including originals and all copies
2  thereof).
3
4      This agreement shall be subject to the terms of the Protective Order and shall
5  be governed by the laws of the State of California.

{B1770544.1}